UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

   Plaintiff,

v.

Rahmad Lashad Geddes,
 a/k/a "Face,"
 a/k/a "Poo Poo,"
 a/k/a S. Honore Geddes,
 a/k/a Jermaine Harvey,

   Defendant.

Court File No. 14-cr-394 (DWF/LIB) (1)

**REPORT AND RECOMMENDATION**

---

   This matter comes before the undersigned United States Magistrate Judge upon Defendant's Pretrial Motion for Severance of Counts, [Docket No. 30]. The present case has been referred to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court took the parties' pretrial discovery motions[1] and Defendant's Pretrial Motion for Severance of Counts, [Docket No. 30], under advisement on the parties' written submissions as of January 9, 2015. (Order [Docket No. 31]). For reasons discussed herein, the Court recommends **DENYING** Defendant's Pretrial Motion for Severance of Counts, [Docket No. 30].


I.  **BACKGROUND**

   Defendant Rahmad Lashad Geddes ("Defendant") is charged with one count of Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. §§ 2 and 1591; one count of Transportation with Intent to Engage in Prostitution, in violation of 18 U.S.C. §§ 2 and 2421; and

---

[1] The Court addressed the parties' pretrial discovery motions in a separate Order, [Docket No. 32].

one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment [Docket No. 5]).

## II.   DEFENDANT'S PRETRIAL MOTION FOR SEVERANCE OF COUNTS, [DOCKET NO. 30]

Defendant moves the Court for an order severing Counts 1 and 2 from Count 3. (See [Docket No. 30]). In support of the present motion, Defendant argues that Counts 1 and 2 – charging Defendant with Sex Trafficking by Force, Fraud, or Coercion and Transportation with Intent to Engage in Prostitution, respectively – "do not have any connection in terms of motive, intent, scheme or plan" with Count 3, Felon in Possession of a Firearm. (Id. at 1). Defendant conclusorily argues that "[t]he Counts in this indictment relate to completely separate allegations remote in time and location with separate sets of witnesses." (Id. at 2).

### A.   Standard of Review

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The rule is broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902-03 (8th Cir. 2008) (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)).

Rule 14 of the Federal Rules of Criminal Procedure provides that if joinder of offenses pursuant to Rule 8(a) creates prejudice to either the Government or the defendant, a court may sever counts for trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A motion to sever counts for trial is committed to the district court's discretion." United States

v. Brown, 653 F.3d 656, 662 (8th Cir. 2011). Generally speaking, "[a] defendant is not prejudiced if there is sufficient evidence that one crime would be probative and admissible at a separate trial of the other count." United States v. Wetsch, No. 12-cr-45 (SRN/JJG), 2013 WL 1490222, at *3 (D. Minn. Apr. 10, 2013) (citing United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)).

The defendant bears the burden of establishing prejudice warranting severance. United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992). "If, under Rule 8, joinder is proper, then the defendant seeking severance has a 'heavy burden' in demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Hopkins, No. 11-cr-230 (DWF/SER), 2011 U.S. Dist. LEXIS 127071, at *25-26 (D. Minn. Oct. 5, 2011) (citing United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996)), adopted by 2011 U.S. Dist. LEXIS 124904 (D. Minn. Oct. 26, 2011). "Joint trials play a vital role in the criminal justice system," because they achieve certain efficiencies, and because they "avoid[] the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209-10 (1987). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (citing United States v. Al-Esawi, 560 F.3d 888, 891 (8th Cir. 2009)).

**B.      Analysis**

Defendant's Pretrial Motion for Severance of Counts, [Docket No. 30], is conclusory and articulates no specific facts demonstrating either (1) that joinder of Counts 1-3 was improper under Rule 8(a), or (2) that continued joinder will create prejudice sufficient to warrant severance pursuant to Rule 14. Defendant generally argues that Counts 1-3 "relate to completely separate allegations remote in time and location with separate sets of witnesses" without offering

any facts in support. Defendant's conclusory, unsupported motion is insufficient to sustain his burden to demonstrate that severance is warranted. The Court could recommend denying Defendant's motion on this basis alone. However, in addition to the fact that Defendant has failed to sustain his burden, underlying facts relevant to the present case indicate that joinder was indeed proper under Rule 8(a) and that severance pursuant to Rule 14 is not warranted.[2]

On January 14, 2014, the Eau Claire, Wisconsin Police Department received a call from a church pastor indicating that an 18-year-old female wished to report that she "had been used for prostitution." (Compl. [Docket No. 1], Heidenreich Aff. ¶ 4). In interviews with law enforcement, the victim reported that on January 6, 2014, the victim traveled from her home in Eau Claire, Wisconsin to Duluth, Minnesota with a man later identified as the Defendant. (Id. ¶¶ 4-5). On January 7, 2014, the victim and the Defendant drove from Duluth, Minnesota to Rochester, Minnesota to pick-up Defendant's friend, identified as "Shoney." (Id. ¶ 6). During their return trip to Duluth, Defendant told Shoney that the victim would be involved in prostitution. (Id.) The victim acquiesced because she "just wanted to go home." (Id.)

On January 8, 2014, Defendant and Shoney purchased an anonymous, prepaid credit card to pay for online "escort"/prostitution advertisements. (Id. ¶ 7). On January 9, 2014, the victim began receiving calls and text messages from "johns" as a result of the prostitution advertisements. (Id. ¶ 8). Defendant and Shoney arranged for the victim to meet with a john; the victim performed oral sex on the john, and the john left $20 as opposed to the arranged price of $120. (Id.) Defendant arrived at the hotel to meet the victim; the victim gave the Defendant the

---

[2] In light of the fact that Defendant's Pretrial Motion for Severance of Counts, [Docket No. 30], is entirely devoid of factual support and that the Government has not submitted a response to Defendant's motion, the Court must retrieve relevant factual background from the Criminal Complaint in the present case, [Docket No. 1]. The Complaint has since been superseded by an Indictment, [Docket No. 5]. However, the facts articulated in support of the Complaint inform the Court of the underlying investigation that served as the basis for both the Complaint and the Indictment; both instruments charge Defendant with the same three offenses.

john's money, and Defendant accused the victim of pocketing the difference. (<u>Id.</u>) The Defendant backhanded the victim across her face twice because "she did not do what she was told." (<u>Id.</u>)

The victim reported that the Defendant dealt drugs during the several-day period they were in the Duluth, Minnesota area. (<u>Id.</u> ¶ 9). On January 9, 2014, sometime after the meeting with the john, Defendant arranged an exchange of drugs for two black, semi-automatic firearms, extra ammunition, and extra clips. (<u>Id.</u>) Following the exchange, Defendant brought the guns to a friend's residence. (<u>Id.</u>) The victim witnessed the exchange. (<u>Id.</u>)

On January 10, 2014, Shoney set up a second meeting with a john. (<u>Id.</u> ¶ 10). Defendant and Shoney dropped the victim at the john's hotel. (<u>Id.</u>) The john gave the victim $20 "for showing up," and the victim left. (<u>Id.</u>)

On January 12, 2014, the victim sent a text to her grandmother asking that her grandmother send a text message to the victim asking her to come home, in an attempt to get Defendant to take her home. (<u>Id.</u> ¶ 11). Defendant said that he would take her home the next day; however, when the next day came, Defendant told the victim that he would not take her home until the following day. (<u>Id.</u>)

On January 14, 2014, Defendant, Shoney, and the victim drove to Eau Claire, Wisconsin, and Defendant dropped the victim at her residence. (<u>Id.</u> ¶ 12). After approximately one hour, after the victim had made sure that Defendant was no longer in the vicinity, the victim walked to a church and reported the foregoing events to a pastor. (<u>Id.</u>)

The present record before the Court indicates that joinder of Counts 1-3 was proper under Rule 8(a). Broadly construing the language of Rule 8(a) in favor of joinder, the underlying facts articulated in support of the Criminal Complaint indicate that Count 3 is connected with and/or

constitutes part of a common scheme or plan as Counts 1 and 2. Count 3 charges Defendant with being a felon in possession of a firearm *during the same several-day period* that he is charged with sex trafficking and transporting with intent to engage in prostitution. The victim of Defendant's alleged sex trafficking and transporting with intent to engage in prostitution was allegedly present during Defendant's alleged possession of a firearm. Generally speaking, "joinder of counts is justified when the counts refer to similar offenses happening over a 'relatively short period of time[.]'" United States v. Midkiff, No. 06-cr-407 (MJD/AJB), 2007 WL 2434270, at *4 (D. Minn. Aug. 22, 2007) aff'd, 614 F.3d 431 (8th Cir. 2010) (citing United States v. Rogers, 732 F.2d 625, 629 (8th Cir. 1984)) (denying motion to sever counts where "there was essentially no lapse in time between the charged offenses," even though the overlap of evidence in support of each of the counts "may be marginal"); see also Taken Alive, 513 F.3d at 903 (affirming denial of severance when the charged offenses took place fewer than thirty days apart in the same general vicinity). In the present case, Defendant's charged criminal actions took place over the course of a nine (9) day period in January 2014 and concern overlapping witnesses and events. Counts 1-3 all arise from actions allegedly performed during Defendant's time with the victim in Duluth, Minnesota between the days of January 6 and 14, 2014.

Because joinder of all three Counts was proper under Rule 8(a), Defendant necessarily bears the heavy burden of demonstrating that a joint trial will impermissibly infringe on his right to a fair trial. Nothing in the present record before the Court indicates that Defendant stands to incur any specific prejudice attributable to joinder of all three Counts sufficient to warrant severance. Not only does Defendant offer no specific evidence of prejudice, falling far short of sustaining his *heavy* burden, but, as articulated above, Defendant is *not* prejudiced if evidence of

one count would be probative and admissible at a separate trial of another count. Under Rule 404(b), evidence related to Defendant's possession of a firearm would likely be admissible in the separate trial of Counts 1 and 2 if admitted to prove something other than character, such as Defendant's presence in Duluth, Minnesota with the victim on the dates in question. See Fed. R. Evid. 404(b). Even more significantly, evidence of Defendant's possession of a firearm would likely be admissible in the separate trial of Counts 1 and 2 because the information "completes the story of the crime," namely, the entire story of Defendant's time with the victim. Brown, 653 F.3d at 662. Because it is likely that evidence related to Count 3 would be admissible in the separate trial of Counts 1 and 2, the present record before the Court indicates that joinder of all three Counts does not prejudice Defendant, and Defendant has failed to offer any evidence to the contrary.

As articulated above, there is a strong preference in the federal system for joint trials. In light of that preference, and at this very early juncture, where Defendant can only invite the Court to speculate as to what evidence the Government might actually seek to introduce at a joint trial, severance is not, at this time, appropriate. "Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances." United States v. Billups, No. 06-cr-129 (PJS/AJB), 442 F. Supp. 2d 697, 706 (D. Minn. 2006). At present, Defendant's motion for severance is conclusory, without sufficient factual support, and therefore premature.

## III.    CONCLUSION

As a result of the foregoing, the Court finds that (1) joinder of all three Counts was proper, and (2) Defendant has failed to carry his heavy burden in overcoming the preference for

a joint trial. The Court recommends that Defendant's Pretrial Motion for Severance of Counts,

[Docket No. 30], be **DENIED**.


Dated: January 15, 2015                                       s/Leo I. Brisbois
                                                              Leo I. Brisbois
                                                              U.S. MAGISTRATE JUDGE


# N O T I C E

Pursuant to Local Rule 72.2(b), and in light of the fast-approaching trial date, any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 25, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections by **February 3, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.