# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,   Criminal No. 14-394 (DWF/LIB)
                            Civil No. 17-2651 (DWF)

Respondent-Plaintiff,

v.                          **MEMORANDUM OPINION AND ORDER**

Rahmad Lashad Geddes,
a/k/a Face,
a/k/a Poo Poo,
a/k/a S. Honore Geddes,
a/k/a Jermaine Harvey,

Petitioner-Defendant.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Rahmad Lashad Geddes's, a/k/a Face, a/k/a Poo Poo, a/k/a S. Honore Geddes, a/k/a Jermaine Harvey ("Petitioner-Defendant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 135.) The United States of America (the "Government") opposes Petitioner-Defendant's petition. (Doc. No. 148.)

Petitioner-Defendant alleges that his counsel was ineffective, asserting, in effect, four grounds for relief. Petitioner-Defendant claims that his counsel was ineffective for: (1) failing to challenge whether sex trafficking is a predicate crime of violence under the sentencing guidelines; (2) failing to dispute whether Petitioner-Defendant had the requisite predicate offenses for the career-offender classification under the guidelines; (3) failing to object or by conceding that Petitioner-Defendant had three qualifying

convictions for application of the Armed Career Criminal Act ("ACCA"); and (4) failing to raise these and other claims on Petitioner-Defendant's direct appeal to the Eighth Circuit. For the reasons discussed below, the Court denies Petitioner-Defendant's motion and petition, both on procedural grounds and on the merits.

## BACKGROUND

On April 27, 2015, a jury convicted Petitioner-Defendant of: (1) sex trafficking by force, fraud, or coercion (Count 1); (2) transportation with intent to engage in prostitution (Count 2); and (3) being a felon in possession of a firearm (Count 3). The sentence for sex trafficking by force, fraud, or coercion is a minimum of 180 months and up to life in prison, without regard to whether the defendant qualified as a career offender or armed career criminal. Moreover, even if the Court had determined that neither the career offender nor the ACCA guidelines applied, the sentence range would have been the same—262 to 327 months. Indeed, the Court noted at sentencing: "I will repeat something I said when we started. No matter what the guidelines are, I believe the 3553(a) factors would take me to a sentence of 282 months. I believe anything less than that would promote disrespect for the law." (Sent. Tr. at 38; *see also* Sent. Tr. at 17.)

The Presentence Report ("PSR") correctly calculated the application to the United States Sentencing Guidelines ("U.S.S.G."), including Petitioner-Defendant's designation as a career offender under U.S.S.G. § 4B1.1 (for the sex-trafficking conviction) and as an armed career criminal under the ACCA (for the felon-in-possession conviction) based on Petitioner-Defendant's prior qualifying felony convictions: home

2

invasion in Cook County, Illinois (PSR ¶ 47); first-degree assault in Hennepin County, Minnesota (PSR ¶ 50); and fifth-degree assault in Sherburne County, Minnesota (PSR ¶ 53). Consequently, with an adjusted base offense level of 37 and criminal history category VI, the presumptive guideline range was 360 months to life imprisonment. The government argued for a sentence of 360 months. Defense counsel argued for 180 months. On November 24, 2015, this Court sentenced Petitioner-Defendant to 282 months, with a lifetime of supervised release to follow. (Doc. No. 107.) This sentence comprised of 282 months on both Counts 1 and 3 to run concurrently. *Id.* at 2.

Petitioner-Defendant, with the help of trial counsel, moved for a post-trial acquittal, which this Court denied. Petitioner-Defendant was then given a new lawyer for the purposes of filing a direct appeal to the Eighth Circuit, challenging (1) the Court's decision not to sever the sex-trafficking and gun counts; (2) the admission of limited testimony of victim N.M. pursuant to Rule 404(b) relating to a felony conviction for terroristic threats; (3) the admission of expert testimony on sex trafficking; and (4) that the sex-trafficking and interstate-transportation convictions (Counts 1 and 2) were not supported by sufficient evidence. On January 3, 2017, the Eighth Circuit Court of Appeals affirmed Petitioner-Defendant's conviction. (Doc. No. 129.) On July 10, 2017, Petitioner-Defendant filed this *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

# DISCUSSION

## I. Section 2255 Legal Standard

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

Relief under § 2255 is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

## II. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255,

however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . . rendered adequate assistance." *Id.* A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Petitioner-Defendant's grounds one and two: Sex trafficking treated as a predicate crime of violence and existence of two predicates for the career offender classification

The sentencing guidelines provide longer sentences for those defendants with prior convictions for crimes of violence. And like the ACCA, the guidelines contained a residual clause to capture violent crimes not otherwise enumerated by the statute.[1] Petitioner-Defendant argues for the first time here that sex trafficking is not a crime of violence under the sentencing guidelines and that he has not committed the two predicate offenses necessary to be classified as a career offender under the guidelines.

---

[1] After Petitioner-Defendant was sentenced, U.S.S.G. § 4B1.2 was amended in November 2016 to remove this portion of the guidelines.

Petitioner-Defendant's argument is similar to challenges to the ACCA under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA as unconstitutionally vague. Petitioner-Defendant, however, was sentenced after the Supreme Court decided *Johnson*. Thus, Petitioner-Defendant could have raised any *Johnson* arguments on direct appeal. Petitioner-Defendant's failure to do so constitutes a procedural default. The Court therefore concludes that Petitioner-Defendant is procedurally barred from raising for the first time on this collateral attack a nonconstitutional and nonjurisdictional argument.

To overcome the procedural bar, Petitioner-Defendant must show cause and prejudice that would excuse the procedural default. *United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009). Petitioner-Defendant claims that his default should be excused due to his counsel's allegedly ineffective assistance in failing to recognize that his predicate offenses did not qualify under the Career Offender guidelines. But even if Petitioner-Defendant's petition were not barred, his *Johnson* arguments do not provide grounds for relief because they rely on the argument that U.S.S.G. § 4B1.2's residual clause is void for vagueness. In *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Supreme Court explicitly rejected that the residual clause in the sentencing guidelines could be challenged on vagueness grounds. As a result of *Beckles*, whether Petitioner-Defendant's convictions fall within the scope of § 4B1.2(a)(2)'s residual clause or one of the other provisions cannot provide a basis for relief under § 2255. The Court therefore rejects Petitioner-Defendant's vagueness arguments.

6

### B. Petitioner-Defendant's merit claims

Petitioner-Defendant also asserts two separate challenges to the application of the career-offender classification. Under U.S.S.G. § 4B1.1, any defendant with two prior felony convictions for "controlled substance offense" or a "crime of violence" is a career offender when convicted of another qualifying offense. Petitioner-Defendant argues that sex trafficking by force, fraud, or coercion is not a qualifying offense. Further, he asserts that he does not have two predicate crimes of violence for such classification.

This Court concludes, as it did at the time of sentencing, that sex trafficking is a crime of violence for the career offender enhancement. The applicable version of U.S.S.G. § 4B1.2 (a) defined "a crime of violence" as, among other things, a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court and the Eighth Circuit have not yet addressed whether sex trafficking is a crime of violence under the sentencing guidelines, but the Sixth Circuit recently concluded that a conviction for sex trafficking of a minor through force, fraud, or coercion was a "crime of violence" for purposes of the Career Offender sentencing guidelines. *United States v. Willoughby*, 742 F.3d 229, 241-43 (6th Cir. 2014).

In *Willoughby*, the Sixth Circuit Court began with the "categorical approach," which looks to only the fact of conviction and the statutory definition. *Id.* at 242. The Sixth Circuit concluded that even when sex trafficking of a minor does not involve force—say fraud was used—the acts of causing an individual to engage in prostitution

7

"obviously" present a serious potential risk of physical injury to the victim. *Id.* In the words of the Sixth Circuit, with which this Court concurs:

> There is the risk of physical injury from the sex act itself; the risk of violence from johns, many of whom . . . are addicted to drugs; and, not least, the risk of violence from the pimps themselves. The latter risk is present regardless of whether the pimp uses force to cause his victim to engage in a sex act; because there is always a serious risk that he will use force afterward if she disobeys his rules, fails to obtain a client, or for any number of reasons.

*Id.* Thus, even if the Court were to address the merits of Petitioner-Defendant's petition, the Court concludes that sex trafficking is a crime of violence for the career offender enhancement under U.S.S.G. § 4B1.1. And to the extent that it is relevant, this was not a close call for this Court.

### C. Minnesota's fifth-degree assault offense

Petitioner-Defendant also argues that he has not committed three predicate violent felonies under the ACCA. Petitioner-Defendant has four relevant convictions: (1) home invasion; (2) first-degree assault; (3) terroristic threats; and (4) fifth-degree assault. Petitioner-Defendant argues that the terroristic threats and fifth-degree assault are not predicate felonies under the ACCA. If one of these convictions is a predicate felony, then Petitioner-Defendant is an armed career criminal given the other two convictions.

Fifth-degree assault is a predicate felony under the ACCA. Under Minnesota Statute § 609.224, fifth-degree assault involves: (1) an act committed with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction or attempt to inflict bodily harm upon another. Under Minnesota state law, bodily harm is

defined as physical pain or injury, illness, or any impairment of physical condition. Minn. Stat. § 609.02, subd. 7. The Eighth Circuit has already concluded that Minnesota's domestic-assault statute, which contains the same elements and definitions as fifth-degree assault, was an ACCA predicate offense under the "force" clause. *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016). Petitioner-Defendant's conviction for fifth-degree assault is therefore a predicate ACCA offense. (PSR ¶ 53.) As a result, Petitioner-Defendant is an armed career criminal.

### D. Petitioner-Defendant's appellate counsel

Last, Petitioner-Defendant argues that his appellate counsel was ineffective because he failed to raise all of the argument on appeal that Petitioner-Defendant wanted to raise, including challenges to the career-offender and ACCA applications. The record before this Court, as noted above, is that Petitioner-Defendant's counsel raised four issues on appeal. Additionally, Petitioner-Defendant, himself, submitted briefing to the Eighth Circuit Court of Appeals which was acknowledged by the circuit court. And it is worth noting that Petitioner-Defendant did not challenge his ACCA or career-offender status in his submissions to the circuit court.

Nonetheless, a close scrutiny of the record before this Court clearly establishes that Petitioner-Defendant's appellate counsel was not ineffective. Petitioner-Defendant's arguments in this petition bordered on meritless. Additionally, Petitioner-Defendant's sentence of 282 months was well below the applicable U.S.S.G. range and the statutory maximum on both Counts 1 and 3. Further, the Court also clearly stated that it would

9

have imposed the same sentenced regardless of Petitioner-Defendant's status as a career offender or his ACCA status. (Sent. Tr. at 38; *see also* Sent. Tr. at 17.) The Petitioner-Defendant has therefore failed to demonstrate that his appellate counsel's assistance was ineffective.

## III. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## IV. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d

878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses any notion or finding by this Court that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. In fact, not only did Petitioner-Defendant suffer no actual prejudice, but, based upon the record before this Court, the Court cannot envision any evidence that it could have received that would have affected the sentence in this case.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Rahmad Lashad Geddes's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. [135]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 2, 2017                               s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                        United States District Judge